DEL VALLE *v*. REGISTRAR OF PROPERTY OF SAN JUAN.

APPEAL from a decision of the Registrar of Property of San Juan, Section 1.

No. 65.—Decided December 19, 1910.

EXECUTION OF PUBLIC INSTRUMENTS—CERTIFICATE OF NOTARY BEFORE WHOM EXECUTED.—Where a notary before whom a deed is executed sets forth therein that not being personally acquainted with the executing parties he assured himself of their identity by the statements of the witnesses of identification, with whom he was personally acquainted, and in the final clause of the deed and in a separate paragraph employs the phrase ''to all of which I certify,'' such an expression is sufficient to be understood to mean that the notary certifies to the fact that he was acquainted with the witnesses of identification, and to all other matters contained in the instrument.

The facts are stated in the opinion.
*Mr. José E. Benedicto* for appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By a public deed executed in the city of San Juan on April 20, 1910, Cruz Báez y González, together with his wife, Elvira Canales, constituted a mortgage in favor of María Luisa del Valle, widow of Asenjo, in which deed the notary before whom it was executed set forth that as he was not "acquainted with the parties thereto he assured himself of their identity by the statements of the witnesses to the instrument who are acquainted with the parties and known to him personally, and they assured him that the persons appearing to execute the deed are the ones whose names and other matters relating thereto are stated in the instrument."

After setting forth the conditions upon which the contract was executed, the notary not expressly certifying to any of them, the document is concluded as follows:

"So they say and execute. The witnesses, Juan Pagán and Vicente Capó, being of legal age and residents of this city.

"And they having been advised of the right granted them by law to read this instrument for themselves, I proceeded, with their consent, to read the same to them, the contents whereof are ratified by them, and Mrs. del Valle signed her name, and as Mr. Báez and his wife stated that they did not know how to sign their names, the witness, Pagán, signed for them at their request.

"To all of which I certify. As a witness and for Cruz Báez and Elvira Canales, who do not know how to sign their names, Juan Pagán. María L. del Valle and Vicente Capó signed and sealed. José E. Benedicto."

A copy of said deed having been presented at the Registry of Property at San Juan, Section 1, for record, the registrar refused to record the same by the following decision:

"Admission of the foregoing document to record is denied because the notary before whom the same was executed states that he is not acquainted with the executing parties and he having assured himself of their identity by the statement of the witnesses to the instrument, with whom he states he is acquainted, without expressly certifying that he is so acquainted with them and after certifying at the end of the document to the correctness of everything contained therein, as

required by sections 16 and 17 of the Notarial Law, because, although he implies the phrase 'to all of which I certify,' this refers only to the signature, and the failure thereby to comply with the provisions of the law above-cited constitute one of the causes of nullity mentioned in section 20 thereof. This being a defect which prevents the admission of the deed to record, a cautionary notice, effective for the period provided for by law, is entered in lieu thereof at folio 123 of volume 12, North Santurce, property 1843, duplicate, entry letter A, San Juan, Porto Rico, May 25, 1910. The Registrar, José S. Belaval."

From this decision María Luisa del Valle has taken the appeal now before us for consideration and decision.

Certainly the law enacted to govern the practice of the notarial profession in Porto Rico, approved March 8, 1906, and which went into effect on April 1 following, requires, in section 16 thereof, that notaries shall certify in all public instruments that they knew the parties to the instrument, or that they have assured themselves of their identity by the declaration of the witnesses to the instrument, or by two other witnesses having such knowledge who shall be known as witnesses of identification, and they must be, in all cases, persons well known to the notary who shall certify to that effect in the instrument. And in section 17 of the said law it is provided that the notary need not state in each clause of the instrument that he certifies to the stipulations or declarations contained therein or to the legal conditions or circumstances of the persons or things referred to, but that it shall be sufficient to state at the end of the document that he certifies to everything contained therein and said statement shall be understood to apply to every word, stipulation, declaration and condition, real or personal, contained in the instrument in accordance with the law.

We are of the opinion that the notary before whom the instrument involved herein was executed properly applied the legal provision above-mentioned, since he expressly set forth therein that not knowing the executing parties he had assured himself of their identity by the declaration of the

witnesses to the instrument, who knew the parties and who were known by him, and in the final clause of the deed, "to all of which I certify," necessarily includes that statement— that is to say, that the witnesses of identification were personally known to him—whether we consider the general terms of that clause or the separate clause employed by the notary, and the certificate cannot be exclusively applied, as sought by the registrar, to the reading and signing of the document.

Since the defect mentioned by the registrar as preventing the admission of the document to record does not exist, the decision appealed from is hereby reversed, and it is ordered that the instrument be recorded.

*Reversed.*

Justices MacLeary, Wolf and del Toro concurred.